**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARISSA HALBRECHT,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**JESSICA JACOBSON,** *et al.***,**<br><br>　　　　**Defendants.** | **Case No.: 13-CV-3492 YGR**<br><br>**ORDER AWARDING ATTORNEYS' FEES**<br><br>Re: Dkt. No. 59 |

　　　　Plaintiff Marissa Halbrecht brings this motion to establish reasonable attorneys' fees after the Court granted plaintiff's motion to enforce settlement agreement (Dkt. No. 45) and entry of final judgment in favor of plaintiff (Dkt. No. 57). The judgment against defendants states, in pertinent part, that plaintiff "shall recover her costs of suit and reasonable attorneys' fees incurred in enforcing the settlement agreement." (Dkt. No. 57.) The clerk of this Court previously taxed costs against defendants in the amount of $400.00. (Dkt. No. 61.) Plaintiff now moves the Court to establish attorneys' fees in the amount of $18,585.00 reasonable pursuant to the judgment. (Dkt. No. 59.) No opposition has been filed to the motion.

　　　　Having carefully considered the papers submitted and the pleadings in this action,[1] and for the reasons set forth below, the Court hereby **AWARDS** plaintiff a total of $18,585.00 in reasonable attorneys' fees.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for October 6, 2015.

**ATTORNEYS' FEES**

To determine reasonable attorneys' fees, the Court first determines the lodestar figure by considering both: (1) hourly rates; and (2) hours spent. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.")  The Court considers each in turn.

Based upon the evidence submitted by plaintiff, and the lack of any opposition or objection by defendants, the Court finds that plaintiff's counsel's requested rate of $675 per hour for attorney Baker and $570 per hour for attorney Schwartz is reasonable given the prevailing market rates for attorneys of their respective levels of skill.

The Court also finds plaintiff's requested hours reasonable.  Having reviewed the detailed records, the Court concludes that a total of 24.1 hours is well within reason for counsel's work on enforcing the settlement agreement.  This includes time spent drafting four motions, a reply brief, and the proposed judgment, as well as time spent communicating with the client and opposing counsel.  This leads to a base lodestar of $18,585.00.

The lodestar figure is a presumptively reasonable amount of attorney's fees. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 543 (2010) ("that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee").  The Court finds that no circumstances exist to warrant an adjustment to the lodestar in this case.

**CONCLUSION**

Based on the foregoing, the Court hereby **AWARDS** plaintiff reasonable attorneys' fees in the amount of $18,585.00

This Order terminates Dkt. No. 59.

**IT IS SO ORDERED**.

Date: September 28, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**