EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address):* | FOR COURT USE ONLY |
|---|---|
| Abraham George, Esq, New York State Bar No. 4272258<br>Law Office of Abraham George, Appearing Pro Hac Vice<br>44 Wall Street, 2nd Floor<br>New York, NY 10005 | |

TELEPHONE NO.: 212 498-9803   FAX NO. *(Optional):* (646) 558-7533
E-MAIL ADDRESS *(Optional):* AbeGeorgeNYC@gmail.com
ATTORNEY FOR *(Name):* MARISSA HALBRECHT, plaintiff

[✔] ATTORNEY FOR  [✔] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** US District Court for ND CA
STREET ADDRESS: 1301 Clay Street # 400S
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94912
BRANCH NAME: United States District Court Northern District of CA

PLAINTIFF: MARISSA HALBRECHT

DEFENDANT: JESSICA JACOBSON, RAYAH LEVY & ARTEQUESTA

| **WRIT OF** | [✔] **EXECUTION (Money Judgment)**<br>[ ] POSSESSION OF [ ] **Personal Property**<br> [ ] **Real Property**<br>[ ] **SALE** | CASE NUMBER:<br>13-cv-03492-YGR |
|---|---|---|

1. **To the Sheriff or Marshal of the County of:** Marin County, CA

   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* MARISSA HALBRECHT

   is the [✔] judgment creditor [ ] assignee of record  whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name and last known address):*

   ```
   RAYAH LEVY
   70 Sycamore Avenue
   Mill Valley, CA 94941-2720
   Rayah Levy International, Inc.
   also known as Artequesta
   775 East Blithedale Ave Unit 237
   Mill Valley, CA 94941
   ```

   [✔] Additional judgment debtors on next page

5. **Judgment entered** on *(date):*
   08/21/2015

6. [ ] **Judgment renewed** on *(dates):*

7. **Notice of sale** under this writ
   a. [✔] has not been requested.
   b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

   [SEAL]

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment .................... $ 9,000.00
12. Costs after judgment (per filed order or memo CCP 685.090) ............. $
13. Subtotal *(add 11 and 12)* .......... $ 9,000.00
14. Credits ..................... $
15. Subtotal *(subtract 14 from 13)* ....... $ 9,000.00
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees)... $ 1,128.79* & 28.68*
17. Fee for issuance of writ ............. $
18. **Total** *(add 15, 16, and 17)* ........... $ 10,157.47
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of. ...... $ 0.11
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) .............. $ N/A
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on *(date):* 5-12-16   Clerk, by _(signature)_ , Deputy

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010,
Government Code, § 6103.5
www.courtinfo.ca.gov

line 16: * is pre-judgment interest and ** represents post-judgment interest

**NOTE as to Line 16:**
**\* is the pre-judgment interest and \*\* is post judgment interest**

EJ-130

| PLAINTIFF: MARISSA HALBRECHT | CASE NUMBER: |
|---|---|
| DEFENDANT: JESSICA JACOBSON, RAYAH LEVY & ARTEQUESTA | 13-cv-03492-YGR |

— **Items continued from page 1—**

21. ☐ **Additional judgment debtor** (name and last known address):

22. ☐ **Notice of sale** has been requested by (name and address):

23. ☐ **Joint debtor** was declared bound by the judgment (CCP 989–994)
    a. on (date):
    b. name and address of joint debtor:

    all jointly and severally

    a. on (date):
    b. name and address of joint debtor:

    c. ☐ additional costs against certain joint debtors (itemize):

24. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
    a. ☐ Possession of real property: The complaint was filed on (date):
        **(Check (1) or (2)):**
        (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
            The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
        (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
            (a) $          was the daily rental value on the date the complaint was filed.
            (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
                dates (specify):
    b. ☐ Possession of personal property.
        ☐ If delivery cannot be had, then for the value (itemize in 9e) specified in the judgment or supplemental order.
    c. ☐ Sale of personal property.
    d. ☐ Sale of real property.
    e. Description of property:

**NOTE as to Line 16:**
**\* is the pre-judgment interest and \*\* is post judgment interest**

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
► *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

| EJ-130 [Rev. January 1, 2006] | **WRIT OF EXECUTION** | Page 2 of 2 |
|---|---|---|

1

2   IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

3   _____

4   MARISSA HALBRECHT,                          Case No. 13-cv-03492-YGR

5                          Plaintiff

6         vs.

7   JESSICA JACOBSON, RAYAH LEVY, and
ARTEQUESTA,
8

9                          Defendants.

10  _____

11           **AFFIDAVIT OF COMPUTATION OF INTEREST**
         **ON WRIT OF EXECUTION ON RAYAH LEVY, and**
12  **RAYAH LEVY INTERNATIONAL, INC. ALSO KNOWN AS ARTEQUESTA**

13

14  NOW COMES Abraham George, Esq., attorney for Plaintiff, Judgment Creditor Marissa
Halbrecht and hereby affirms to the calculation reflected in the Writ of Execution as follows:
15

16  On August 21, 2015, this court issued a FINAL JUDGMENT * AS MODIFIED BY THE
COURT * against defendants RAYAH LEVY, and RAYAH LEVY INTERNATIONAL,
17  INC. ALSO KNOWN AS ARTEQUESTA, jointly and severally, in the amount of $9,000.00
plus pre-judgment interest from May 22 2014 to date of Judgment, August 21st 2015 at the
18  rate of $2.47 per day, in favor of Marissa Halbrecht. (¶2, Page 1 of FINAL JUDGMENT.)

19
There are 457 days between May 22, 2014 and the date of Final Judgment of August 21,
20  2015, including the final date August 21, 2015.

21  457 days multiplied by the daily rate of $2.47 is $1,128.79, i.e. the pre-judgment interest.
This amount is the first number shown in line 16 with the single asterisk ("*")
22

23  The post-judgment rate was calculated as per:

24
*Title 28. Judiciary and Judicial Procedure Part V--Procedure, Chapter 125--Pending Actions*
25  *and Judgments, § 1961. Interest*

26  /

27  /

28

1

*(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. **<u>Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [FN1] the date of the judgment</u>**. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.* (emphasis added)

*(b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.*

Accordingly, inasmuch as the Final Judgment was issued on August 21, 2015, the preceding week is shown as August 14, 2015.

The Federal Reserve Web site was consulted:

http://www.federalreserve.gov/releases/h15/data.htm

This data is loaded into an Excel spreadsheet. (see screenshots below)



and the Treasury constant maturities for 1 year was selected for *weekly*



/
/
/
/
/
/
/
/

1  The file was then loaded into Microsoft Excel as shown in the screenshot below:



the Excel file for the appropriate date and rate is shown below (row 2804)



The appropriate post-judgment interest rate was located for the *preceding week*, August 14, 2015, of the judgment.  The rate is shown as 0.39% as seen in the screenshot above.

As to post-judgment interest, August 21, 2015, until and including today, May 12, 2016 at 0.39% is 265 days on the balance of $10,128.79 is $28.68, as shown in line 16 as the second amount in line 16 with two asterisks ("**") of the Writ of Execution.

$10,128.79 was the Judgment amount of $9,000 plus the awarded pre-judgment interest at $2.47 per day as per Document 57, FINAL JUDGMENT, ¶ 2. For the period May 22, 104 until the date of the Judgment, August 21, 2015. 457 days including the final date of August 21, 2015.

This calculation of post-judgment interest was made from the financial calculator on the web site:

https://financial-calculators.com/simple-interest-calculator

(see screenshot below)



The sum of pre-judgment and post-judgment interest is $1,128.79 plus $28.68, which results in $1,157.47

4

Line 18 of the Writ of Execution reflects the sum of lines 15 and 16

The judgment debtor Rayah Levy et al has made no payments to date on this debt.

Line 19a reflects the post judgment daily interest accrual at 0.39% on the $10,157.47, which is $0.11 per day (eleven cents per day) as shown in the calculation below.



These calculations were used to arrive at the monetary entries in the WRIT OF EXECUTION against the herein stated 2 defendants, RAYAH LEVY, and RAYAH LEVY INTERNATIONAL, INC. ALSO KNOWN AS ARTEQUESTA, jointly and severally, filed contemporaneously with this Affidavit.

Additionally, Plaintiff, Judgment Creditor Halbrecht was awarded costs of suit and reasonable attorneys' fees incurred in enforcing the settlement agreement (see ¶ 3 of the FINAL JUDGMENT). Inasmuch as enforcement of this court's judgment is ongoing, Plaintiff reserves the right to file a supplemental bill of costs and expenses and seek an additional Writ of Execution once enforcement of this judgment has been settled.

Respectfully submitted and affirmed this 12th day of May, 2016 by:

  /s/ Abraham M. George
Law Offices of Abe George, Esq.
Appearing Pro Hac Vice
New York State Bar No. 4272258
44 Wall Street, 2nd Floor
New York, NY 10005
Tel: 212-498-9803
Fax: 646-558-7533
E-mail: abegeorgenyc@gmail.com
Attorneys for Plaintiff

5

## CERTIFICATE OF SERVICE

      I certify that on May 12, 2016, that the foregoing document being served this day on all counsel of record identified on the attached Service List via electronic service.

<div style="margin-left:40%">

   /s/ Abraham M. George
Law Offices of Abe George, Esq.
Appearing Pro Hac Vice
New York State Bar No. 4272258
44 Wall Street, 2nd Floor
New York, NY 10005
Tel: 212-498-9803
Fax: 646-558-7533
E-mail: abegeorgenyc@gmail.com
Attorneys for Plaintiff

</div>

Service List:
Halbrecht vs. Jacobson, et. al.
Case No.: 13-cv-03492-YGR
United States District Court, Northern District of California

Mark Pruner, Esq.
Law Office of Mark A. Pruner
1206 "Q" Street, Suite 1
Sacramento, California 95811
(P) (916)-447-11211
(F) (916)-447-9661
mpruner@prunerlaw.com, amanda@prunerlaw.com
Attorney for Defendant Rachel Levy, Jessica Jacobson and ArteQuesta.